OPINION
DAVID B. THOMPSON, Associate Justice.
The principal issue in this case is the scope of the Tribal Court’s authority to review a legislative action by the Tribal Council. The case also presents an issue of whether the trial court had jurisdiction to hear a claim, filed by the complainant in an ethics proceeding under the now-repealed Tribal Ethical Standards Ordinance (TESO), that the hearing officer’s actions in that proceeding were unlawful.
1. BACKGROUND
Ed Pearsall, a member of the Tribe and of the Tribal Council, filed a complaint in the trial court against the Tribal Council and three Council members (collectively, the “Tribal Council”). In the complaint, Pearsall sought declaratory and injunctive relief with respect to two distinct matters: (1) the Tribal Council’s allegedly unlawful repeal of TESO, and (2) a hearing officer’s allegedly unlawful conduct in a TESO proceeding in which Pearsall was the complainant. In that ethics proceeding, the hearing officer determined that although the accused tribal official had violated TESO, no sanctions were warranted, and that Pearsall’s complaint contained numerous meritless allegations and was filed for harassment and other improper purposes.
With respect to the Council’s repeal of TESO, Pearsall alleged that the three named Council members had undisclosed conflicts of interest under TESO and therefore had unlawfully participated in the Tribal Council’s vote to repeal the ordinance. He asked the trial court to declare the repeal of TESO invalid and to issue either an injunction or a writ of mandamus directing that the ordinance remain in effect until the Council lawfully repealed it.
Regarding the TESO proceeding, Pear-sall alleged that the hearing officer failed to conduct the investigation required by law and deprived Pearsall of due process by denying him his rights to present and cross-examine witnesses and to be heard on the evidence. Based on those alleged procedural violations, Pearsall sought a declaration that the hearing officer’s findings were void or voidable.
The trial court dismissed Pearsall’s complaint with prejudice, ruling that he lacked standing to seek judicial review of the Tribal Council’s repeal of TESO and *104 that the court lacked jurisdiction to hear his claim concerning the TESO proceeding. Pearsall appeals, challenging both of those rulings. We review the rulings de novo, as they present pure questions of law. See Synowski v. Confederated Tribes of Grand Ronde, 4 Am. Tribal Law 122, 123, 2003 WL 25750097, ⅜1 (Grand Ronde 2003).[1]
II. DISCUSSION
A. The Council’s Repeal of TESO
The trial court concluded that Pearsall lacked standing to challenge the Tribal Council’s repeal of TESO because he had no personal stake in the matter and sought only abstract, generalized relief unrelated to any specific matter in which he could reasonably claim a personal stake. In support of that conclusion, the Council notes that both federal law and the law of several other tribes culturally similar to the Confederated Tribes of the Grand Ronde require an allegation of personal injury in order to establish standing. Pearsall, on the other hand, argues that as a member of the Council, he plainly had standing to challenge the Council’s allegedly unlawful repeal of TESO.
Recently, in Pearsall v. Confederated Tribes of Grand Ronde, 5 Am. Tribal Law 66, 2004 WL 5599260 (Grand Ronde 2004) (Pearsall IT) [2], we discussed the uniqueness of the “standing” question under this Tribe’s law but did not define the precise contours of the standing doctrine. Although the trial court disposed of Pear-sall’s challenge to the Council’s repeal of TESO based on a perceived lack of standing (citing Pearsall II), and although the parties have analyzed only the standing issue in the briefs submitted to us, we do not reach that issue. For the following reasons, we hold that the question of whether TESO was violated in the Council’s repeal of that ordinance is of such a nature that the Tribal Court should abstain from hearing it. See Tribal Code § 310(d)(l)(3) (“In the exercise of its sound discretion, the Court may abstain or stay the exercise of its jurisdiction * * * if it finds that * * * the case is of such a nature that the Court should not hear it.”).
Based on our review of Pearsall’s complaint, we conclude that his challenge to the TESO repeal is not a constitutional challenge. Rather, it is based on a contention that three of the Council members who voted for the repeal had conflicts of interest under TESO, and that they therefore violated TESO by participating in the vote. In other words, Pearsall claims that a tribal ordinance was violated when the Council repealed TESO. He cites no constitutional provision in support of his claim that the Council’s legislative action was unlawful. Specifically, his claim rests on the following TESO provision:
Whenever the performance of official duties shall require any Tribal Council member to deliberate and vote on any matter involving his or her financial or personal interest, the Tribal Council member shall publicly disclose on the record at a Tribal Council meeting the nature and extent of such interest and be disqualified from participating in deliberation as well [as] in the voting.
Former Tribal Code § 275(e)(2).
Although the Tribal Court has broad authority to review legislative actions by the Council, G.R. Const. art. IV, § 3, there are certain legislative matters *105 that should not, based on respect for separation of powers between the different branches of government, be subject to judicial review. Cf. Nixon v. United States, 506 U.S. 224, 252-53, 113 S.Ct. 732, 122 L.Ed.2d 1 (1993) (Souter, J., concurring) (“[T]he political question doctrine is essentially a function of the separation of powers, existing to restrain courts from inappropriate interference in the business of the other branches of Government, and deriving in large part from prudential concerns about the respect we owe the political departments.” (internal quotation marks and citations omitted)). One such matter is whether the Council followed statutorily mandated procedures in passing legislation. “ ‘[Cjourts generally consider that the legislature’s adherence to the rules or statutes prescribing procedure is a matter entirely within legislative control and discretion, not subject to judicial review unless the legislative procedure is mandated by the constitution.’ ” Hughes v. Speaker of the New Hampshire House of Representatives, 152 N.H. 276, 876 A.2d 736, 744 (2005) (quoting State ex rel. La Follette v. Stitt, 114 Wis.2d 358, 338 N.W.2d 684, 687 (1983)).
While certain procedures for the Tribal Council are expressly mandated by the Constitution, the authority to adopt additional procedural rules for passing legislation is committed solely to the Council. G.R. Const. art. III, §§ 1, 3. The requirements of former Tribal Code § 275(e)(2) that a Council member disclose a disqualifying conflict of interest and refrain from participating in the deliberations or voting on any matter involving his or her financial or personal interest are essentially procedural. Moreover, they are not constitutionally mandated. They are Council-created procedural requirements applicable to its legislative actions. The interpretation and enforcement of such procedural requirements are peculiarly within the province of the Council. See Hughes, 876 A.2d at 744 (“The legislature, alone, has complete control and discretion whether it shall observe, enforce, waive, suspend, or disregard its own rules of procedure.” (internal quotation marks and citations omitted.)).
We construe the plain language of section 310(d)(l)(3) to permit the Tribal Court to abstain from exercising its jurisdiction where judicial review would inappropriately interfere with the business of another branch of government. Because such inappropriate interference would result from Tribal Court review of the Council’s alleged failure to implement the procedures it mandated for itself in former section 275(e)(2), we uphold the trial court’s dismissal of Pearsall’s challenge to the repeal of TESO on the alternative ground of abstention, as authorized by section 310(d)(1)(3). See Ballini v. Confederated Tribes of Grand Ronde, 4 Am. Tribal Law 107, 118 n. 13, 2003 WL 25756368, *8 n. 13 (Grand Ronde 2003) (“[W]e may affirm the trial court’s decision on any proper ground, even if the trial court did not consider that ground or relied on different grounds or reasoningf.]”).[3] ,
B. The TESO Proceeding
The trial court held that it lacked jurisdiction to hear Pearsall’s claim concerning the TESO proceeding because the ordinance afforded appellate rights only to tribal officials who were found to have violated TESO and against whom the Tribal Council had imposed sanctions—a class into which Pearsall, as the complainant, did not fall. See fanner Tribal Code *106 § 275(f)(1)(L). The question we must decide is whether Pearsall’s complaint represents a valid independent action , seeking judicial review of the hearing officer’s alleged procedural violations or is instead an unauthorized appeal. A brief summary of how TESO worked will assist in answering that question.
Under TESO, an ethics proceeding was initiated by the filing of a complaint, which the Tribal Council received and then referred to an independent hearing officer to conduct discovery and a hearing. At the hearing, both the complainant and the accused had the rights to be present, to introduce evidence, and to cross-examine witnesses. Pearsall II at 2, 5 Am. Tribal Law at 67, 2004 WL 5599260, *1. “The hearingf ] officer made findings and conclusions and, if the hearing! ] officer determined that a violation had occurred, further made a sanction recommendation. The hearing! J officer’s findings and conclusions were binding on the Tribal Council, but the Council made the decision as to the sanction to be imposed. Only the Council’s sanction decision could be appealed to the Tribal Court.” Id.
Whether or not the hearing officer determined that an ethics violation had occurred, the hearing officer could, if warranted, enter a finding that “an allegation of unethical conduct on the part of an Official [was] submitted for purposes of harassment or for other improper purposes, or fwas] completely without merit.” Former Tribal Code § 275(f)(1)(K).[4] Such a finding gave rise to the complainant’s potential liability for the reasonable costs, including attorney fees, incurred by the accused in defending against the ethics complaint, and for the Tribe’s costs in employing the hearing officer. Id. Nothing in TESO gave the complainant a right to appeal that finding to the Tribal Court.
Tinder TESO, however, the hearing officer neither determined the amount of the accused’s or the Tribe’s costs nor entered an award for those costs against the complainant. Rather, the actual assessment of costs was expressly reserved for an independent proceeding in the Tribal Court. Id. (“This paragraph may be enforced against the complainant in the Tribal Court.”).
Pearsall argues that under the foregoing scheme he had the right to bring an action in the Tribal Court to invalidate the hearing officer’s findings based on alleged procedural violations that deprived him of due process. We disagree. Pear-sall’s claim concerning the hearing officer’s conduct constitutes an unauthorized appeal under section 275(f)(1)(L), which raises issues that can and should be raised in the Tribal Court action to enforce Pearsall’s liability for costs under section 275(f)(1)(K). Pearsall’s claim that the hearing officer denied him certain procedural rights is based on TESO, not on the Grand Ronde Constitution or the Indian Civil Rights Act of 1968. While his complaint alleges a due process violation, it specifically references only TESO as a basis for his claim that the hearing officer proceeded unlawfully: “Contrary to TESO, Hearings Officer Bowen did not provide due *107 process to Petitioner * * *, did not conduct a hearing as required where Petitioner may present evidence and cross-examine witnesses[,]* * * did not apply Tribal law in all respects[,] and did not complete an independent investigation and hearing on [the] matters presented * * Complaint at ¶ 19 (ER 12). In Pearsall’s brief on appeal, he again references only TESO as the source of the procedural rights he claims he was denied. Aplt.’s Br. at 22-23.
Apparently, Pearsall is of the view that the denial of a procedural right created by ordinance necessarily amounts to a constitutional violation. That is not so. See, e.g., Gill v. Hoadley, 261 F.Supp.2d 113, 131 n. 12 (N.D.N.Y.2003) (“To the extent that plaintiff alleges that defendants infringed his rights under New York Correction Law § 138(4), such statutory violation in and of itself does not state a constitutional violation.”); People v. Esayian, 112 Cal. App.4th 1031, 1039, 5 Cal.Rptr.3d 542, 548 (2003) (“The mere fact that the phlebotomist may not have fully complied with the statutory requirements * * * does not create a Fourth Amendment violation.”). Neither Pearsall’s complaint nor his brief on appeal reveals any basis for concluding that a complainant’s legislatively created rights to participate in an ethics proceeding under TESO were intended to be of constitutional magnitude, and we are aware of none.
Viewing Pearsall’s claim as simply a TESO-based allegation that the hearing officer improperly conducted the ethics proceeding, we hold that the trial court correctly dismissed that claim as an unauthorized appeal under section 275(f)(1)(L). Pearsall, as the complainant, had no right to judicial review of the hearing officer’s decision.
Pearsall’s claims concerning the TESO proceeding are properly addressed in the independent action to assess costs against Pearsall, which we understand from the parties is underway. It is there that Pear-sall actually faces the enforcement of the monetary sanctions authorized by section 275(f)(l)(K), and thus it makes sense to require him to raise his procedural issues in that action rather than here.[5]
AFFIRMED.
WE CONCUR: ROBERT J. MILLER, Chief Justice, MARK JOHNSON, Associate Justice.

. http://www.grandronde.o rg/Court/Publishe-dOpinions/SynowskiAppca). PD F

. http://www.grandronde.o rg/court/Publishe-dOpinions/pearsall 1 --final—for—distribution-.03-09-4)4. pdl

. hltp://www.grandronde.ó rg/court/Publishe-dOpinions/appeals/ballini—katie—a0108020.-pdf

, Section 275(f)( 1 )(K) provided:
If the Hearings Officer finds that an allegation of unethical conduct on the part of an Official has been submitted for purposes of harassment or for other improper purposes, or is completely without merit, the complainant shall be liable for and shall pay to the Official against whom such alle-gallon is made the reasonable costs, including attorneys lees, associated with defending against such allegation. In such case, the complainant shall also be liable to the Tribe for the costs of the Hearings Officer. This paragraph may be enforced against the complainant in the Tribal Court.

. Given the way section 275(f)(l)(K) reads (“This paragraph may be enforced against the complainant in the Tribal Court.” (emphasis added)), a complainant is not actually required to pay the accused's and the Tribe's costs unless they seek and obtain such an order from the Tribal Court. As previously noted, that section does not give the hearing officer the power to assess costs against the complainant.